(77 South. 513)

No. 22791.

DINGLE    v.    SHREVEPORT    RYS.    CO.

(Jan. 3, 1918.)

*(Syllabus by Editorial Staff.)*

DAMAGES ⟶132(7)—EXCESSIVE DAMAGES— PERSONAL INJURY.

A verdict of $12,000 awarded a woman 73 years of age for a dislocation of the right knee and the splitting of one of the bones of the leg, entailing expenses of about $500, and the permanent use of a crutch with some pain, and for permanent injury to arm, was excessive, and would be reduced to $7,500.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by Mrs. Eliza M. Dingle against the Shreveport Railways Company. Judgment for plaintiff, and defendant appeals. Judg-

ment amended by reducing the amount of the verdict, and as amended affirmed.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellant. Alexander & Wilkinson, of Shreveport, for appellee.

O'NIELL, J. The plaintiff sued for $15,000 damages for personal injuries suffered in a collision between a trolley car of the defendant company and a jitney bus in which she was a passenger. The jury rendered a verdict in her favor for $12,000, and, from the judgment for that sum, the defendant prosecutes this appeal.

The accident complained of is the one on which was founded the suit of Burt v. Shreveport Railway Co., 142 La. 308, 76 South. 723, in which the railways company was held liable for the injuries inflicted upon passengers in the jitney bus. The evidence in this case is substantially the same that was before us in the Burt Case, and we have no reason to change our opinion that the defendant is liable.

Counsel for the appellant contend that, if their client should be held liable, the amount of the verdict is excessive, and should be reduced to a sum not exceeding $5,000. The plaintiff is 73 years of age. She was of sound physique, and enjoyed good health until this accident happened. The accident caused a dislocation of the right knee and split one of the bones in that leg. The plaintiff was confined in a sanitarium nearly eight weeks, at an expense of about $500. At the time of the trial, nearly 10 months after the accident, she was unable to walk without crutches, or a crutch and cane, and the opinion of the surgeons was that she would never be able to walk without a crutch or cane, nor without some pain. Her right arm also was seriously hurt, and its usefulness was, to some extent, permanently impaired. She has daughters who are devoted to attending to her comfort and happiness. Her case, therefore, is

not to be compared with that of a man having to earn a living, and being rendered incapable of earning it. We have concluded that the amount of the judgment should be reduced to $7,500.

The judgment appealed from is amended by reducing the amount to $7,500, and, as amended, it is affirmed. The plaintiff is to pay the costs of the appeal.